UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MORRIS LORENZO THOMAS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Case No. 1:06-CV-25
(Criminal Case No. 1:01-CR-207)

HON. GORDON J. QUIST

## OPINION

This Court has before it Morris Lorenzo Thomas's ("Petitioner") Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. Because Petitioner already served the term of imprisonment at issue, the Court will deny Petitioner's motion as moot.

## Procedural History

Petitioner was convicted of bank fraud in violation of 18 U.S.C. § 1344 on April 11, 2002. This Court sentenced Petitioner to 33 months imprisonment, 5 years of supervised release, and restitution of $150,814.84. Petitioner began his term of supervised release on February 10, 2004. In July 2005, a petition to revoke supervised release was filed. Petitioner pled guilty to violating three conditions of his supervised release: (1) leaving his residence without authorization; (2) failing to notify the probation officer at least ten days prior to any change in residence; and (3) failing to notify the probation officer at least 15 days prior to any change in residence in accordance with the Violent Crime Control and Law Enforcement Act of 1994. The sentencing guidelines recommended a range of 7-13 months. On September 1, 2005, this Court sentenced Petitioner to 18 months of

imprisonment followed by 18 months of supervised release. Petitioner filed this 28 U.S.C. § 2255 motion on January 11, 2006. The Court ordered the government to respond, and it did so on February 27, 2006.

While this motion was pending, Petitioner's term of imprisonment ended and he began supervised release for the second time. However, on May 8, 2007, Petitioner's supervised release was once more revoked for committing a new crime and illegal possession of a controlled substance. This Court sentenced Petitioner to fifteen months of imprisonment with no further term of supervised release.

Petitioner alleges in his § 2255 motion that the Court erred in sentencing him to 18 months of imprisonment, when the sentencing guidelines provided a range of 7 to 13 months. Further, Petitioner alleges ineffective assistance of counsel because his attorney did not object to the above-guidelines sentence and failed to notify him of this basis to appeal. Because Petitioner completed the sentence at issue, his § 2255 motion is moot. Therefore, the Court will dismiss his motion.

## Analysis

In order to reach the merits of a case, the Court must be satisfied that the case presents a case or controversy under Article III, § 2, of the Constitution. At a minimum, this requires that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983 (1998). An incarcerated convict's challenge always satisfies this requirement because the incarceration itself is a concrete injury. "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence of the conviction-must exist if the suit is to be maintained." *Id.* If the motion is

attacking the validity of the criminal conviction itself, courts have been willing to presume continuing collateral consequences. *Id.* However, where the convict challenges not the conviction itself, but rather the validity of a parole revocation, courts do not presume continuing collateral consequences. *Id.* at 14.

In the present case, Petitioner is unable to establish any continuing collateral consequences. Even if Petitioner did serve a longer sentence than he should have, a claim which appears doubtful, nothing would be gained by retroactively reducing the sentence. Moreover, the time he served in prison, "even if it were now found to be in excess could not be credited to [his] time of supervised release." *United States v. Katuramu*, 174 F.App'x 272, 281 (6th Cir. 2006). Since there are no continuing collateral consequences, there are no injuries that can be redressed by a favorable judicial decision. Because this motion fails to present a case or controversy, it is moot.

### No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

## **Conclusion**

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED. In addition, a certificate of appealability will be DENIED.

A separate order will issue.


Dated:  October 12, 2007                                         /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE